Marcus A. Nussbaum, Esq. (MN 9581)
Ilya Fishkin, Esq. (IF 4948)
169 Commack Road, Ste. H371
Commack, New York 11725
Tel: 201-956-7071
Fax: 347-572-0439
marcus.nussbaum@gmail.com
*Attorneys for Plaintiff and*
*the putative FLSA Collective*
*and Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHALVA NEBIERIDZE, Individually and on Behalf of All Others Similarly Situated, <br><br><br> Plaintiffs, <br><br> -against- <br><br> VALERI KOPALEISHVILLI, DANIEL MISHIN, COPALA, INC., JUNE HOMES US, INC, JUNE NY, LLC, JUNE NY 1, LLC, JUNEHOME, LLC, JUNE NYC, LLC, JUNEHOMES, LLC, JUNE REAL ESTATE, LLC, JUNE SD, LLC JUNEINVEST, LLC, and JUNE HOMES HOLDINGS, LLC, Jointly and Severally, <br><br> Defendants. | **CLASS & COLLECTIVE ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiff SHALVA NEBIERIDZE (the "Plaintiff"), individually and on behalf of all others similarly situated, as a collective and class representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff is a former employee who worked at Defendants' enterprise doing general residential construction work and remodeling, including but not limited to the purchasing and delivery of construction supplies and furniture from various construction supply stores (for example beds, desks, mattresses, and other furniture from Ikea), disposal of trash and rubbish, and assembly of furniture.

2.      Defendants' enterprise includes a network of various corporate entities which collectively own and operate a business known as "June Homes" which is a managed marketplace for apartment rentals and which also provides property management services for landlords.

3.      June Homes operates a business platform (including an online platform and website) whereby June Homes utilizes an algorithm that detects apartments with untapped potential (often in disrepair) and developed a process to inspect, upgrade, renovate, and list units for rent.

4.      According to a press release from "Business Wire", A Berkshire Hathaway Company, which can be found at:

> https://www.businesswire.com/news/home/20210922005157/en/June-Homes-Emerges-From-Stealth-With-50-Million-in-Funding-to-Fix-the-Antiquated-Apartment-Rental-Experience-for-Tenants-Landlords (last visited May 27, 2022)

June Homes recently raised $50 million dollars in startup financing for its business.

5.      The press release further explains as follows:

> June Homes tenants can discover, apply for, and move into their new home in as little as three hours. The homes are fully customizable -- tenants can rent furnished or unfurnished, with roommates or alone, and have the option to stay for as long as they'd like (1-18 months) while paying fair and accessible prices. Unlike typical short-term corporate housing companies that upcharge tenants by up to 2x for

flexibility, June Homes' rental rates are more in line with the price range you'd expect to pay on a traditional lease.

On the landlord side, June Homes serves as a turn-key partner that eliminates broker and management fees and ensures that properties are filled with tenants 10x faster than traditional legacy systems. June Homes reduces the risk of being an owner by taking the responsibility for tenant defaults, non payments, and overall building performance.

Led by founder and CEO Daniel Mishin, a serial real estate entrepreneur, June Homes has signed on thousands of tenants across NYC, DC, San Francisco, Los Angeles, Philadelphia and Boston.

6.      The June Homes website, which can be found at https://junehomes.com/ explains that it provides various services for its customers, including: "Customizable furnishing", "1-18 month leases", "High-speed Wi-Fi", "Vetted roommates", "24/7 in-app support" and "Pre-set Utilities".

7.      Defendants' enterprise operates in New York, Washington D.C., San Francisco, Los Angeles, Philadelphia and Boston.  Defendant primarily worked for Defendants' enterprise in the New York, Washington D.C., Philadelphia and Boston areas.

8.      For his work, and despite the fact that he typically worked in excess of forty (40) hours each week, Plaintiff was paid a salary in varying amounts either once or twice a month and which at all times fell below the minimum wage.

9.      Despite the fact that plaintiff was at all times under the direct supervision and control of Defendants, who, as plaintiff's joint employer: a) provided plaintiff with assignments as to the specific work to be performed; b) decided when and how plaintiff's work would be performed; and c) provided plaintiff with materials, tools and equipment to perform the work, plaintiff was nevertheless misclassified as an independent contractor by Defendants so that Defendants could avoid liability under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. and the New York Labor Law ("NYLL"), §§ 650 *et seq*. as set forth below.

10.     At all times set forth herein, Defendants, as plaintiff's joint employers:

- Chose when, where, and how plaintiff performed his services;

- Provided plaintiff with facilities, equipment, tools, and supplies;

- Directly supervised the services of plaintiff;

- Set the hours of plaintiff's work;

- Set the plaintiff's rate of pay;

- Reserved the right to review and approve the plaintiff's work product; and

- Had the right to hire and fire plaintiff.

11.     At all times set forth herein, the Defendants, as plaintiff's joint employers, both:

- Supervised and controlled plaintiff's work schedule and/or conditions of employment to a substantial degree;

- Determined plaintiff's rate and method of payment; and

- Maintained plaintiff's employment records.

12.     Defendants' payment schemes resulted in systemic underpayment of wages to Plaintiff and Defendants' other employees (both hourly, salaried and otherwise misclassified as an alleged "Independent Contractor") in violation of federal and state wage laws.

13.     Plaintiff brings this action to recover unpaid minimum wages and overtime premium pay owed to him pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. and the New York Labor Law ("NYLL"), §§ 650 *et seq*. Plaintiff also brings claims for unpaid spread-of-hours premiums, and for failure to provide proper wage notices and wage statements, pursuant to NYLL §§ 190 *et seq*. and the supporting regulations.

14.     Plaintiff brings his FLSA claims on behalf of himself and all other similarly situated employees who worked for Defendants at any time during the three (3) years prior to the commencement of this action.

15.     Plaintiffs brings his NYLL claims on behalf of himself and a Federal Rule of Civil Procedure 23 class of all those employed as plaintiff (with plaintiff's job duties and responsibilities as set forth herein) as well as all other non-exempt employees of Defendants in New York, who worked for Defendants at any time during the six (6) years prior to the commencement of this action (on an hourly or salary basis). The class includes those whose duties included general residential construction work and remodeling, including but not limited to the purchasing and delivery of construction supplies and furniture from various construction supply stores (for example beds, desks, mattresses, and other furniture from Ikea), disposal of trash and rubbish, and assembly of furniture.

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

17.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district and Defendants' businesses are located in this district.

18.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

19.     Plaintiff Shalva Nebieridze ("Nebieridze") was, at all relevant times, an adult individual residing in Kings County, Brooklyn New York.

5

20. Plaintiff Nebieridze was hired by defendants VALERI KOPALEISHVILLI and COPALA, INC. to perform the work described herein for Defendants' enterprise in the New York, Washington D.C., Philadelphia and Boston areas from approximately February 8, 2021 through approximately September 20, 2021.

21. At all times during plaintiff Nebieridze's employment at Defendants' enterprise, Nebieridze's duties included, but was not limited to the purchasing and delivery of construction supplies and furniture from various construction supply stores (for example beds, desks, mattresses, and other furniture from Ikea), disposal of trash and rubbish, and assembly of furniture.

22. Pursuant to Defendants' policy and pattern or practice, Plaintiff regularly performed work for defendants' benefit without compensation. Defendants did not pay Plaintiff overtime for the hours he worked for defendants' benefit in excess of 40 hours in a workweek.

23. Upon information and belief, defendant JUNE HOMES US, INC. collectively, with the other defendants owns and operates "June Homes" which is headquartered at 164 West 25th Street New York, New York 10001.

24. Upon information and belief, defendant JUNE HOMES US, INC. is the parent company of defendants JUNE NY, LLC, JUNE NY 1, LLC, JUNEHOME, LLC, JUNE NYC, LLC, JUNEHOMES, LLC, JUNE REAL ESTATE, LLC, JUNE SD, LLC, JUNEINVEST, LLC and JUNE HOMES HOLDINGS, LLC.

25. Upon information and belief, "June Homes" is a trade name, fictitious name and/or assumed name for the business of the corporate entities described above which collectively owns and operates a business known as "June Homes" which is a managed marketplace for apartment rentals and which also provides property management services for landlords. It is alleged that "June Homes" and COPALA, INC., JUNE HOMES US, INC., JUNE NY, LLC, JUNE NY 1, LLC, JUNEHOME, LLC, JUNE NYC, LLC, JUNEHOMES, LLC, JUNE REAL ESTATE, LLC, JUNE

6

SD, LLC, JUNEINVEST, LLC and JUNE HOMES HOLDINGS, LLC are part of the June Homes Group Enterprise.

26.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), and his consent form is filed contemporaneously herewith.

**Defendants:**

27.     Upon information and belief, defendant VALERI KOPALEISHVILLI is an individual residing in the State of New York.

28.     Upon information and belief, defendant DANIEL MISHIN is an individual residing in the State of New York.

29.     Upon information and belief, COPALA, INC. ("COPALA") is a New York Corporation with its principal place of business at 2525 East 24th Street, Brooklyn, New York, 11235.

30.     Upon information and belief, JUNE HOMES US, INC. ("JHUS") is a Delaware Corporation authorized to do business in the State of New York with its principal place of business at 164 West 25th Street New York, New York 10001.

31.     Upon information and belief, JUNE NY, LLC ("JNY") is a Delaware Limited Liability Corporation authorized to do business in the State of New York with its principal place of business at 164 West 25th Street New York, New York 10001.

32.     Upon information and belief, JUNE NY 1, LLC ("JNY1") is a Delaware Limited Liability Corporation authorized to do business in the State of New York with its principal place of business at 164 West 25th Street New York, New York 10001.

33.     Upon information and belief, JUNEHOME, LLC ("JUNEHOME") is a Delaware Limited Liability Corporation authorized to do business in the State of New York with its principal

place of business at 164 West 25th Street New York, New York 10001.

34.     Upon information and belief, JUNE NYC, LLC ("JNYC") is a Delaware Limited Liability Corporation authorized to do business in the State of New York with its principal place of business at 164 West 25th Street New York, New York 10001.

35.     Upon information and belief, JUNEHOMES, LLC ("JUNEHOMES") is a Delaware Limited Liability Corporation authorized to do business in the State of New York with its principal place of business at 164 West 25th Street New York, New York 10001.

36.     Upon information and belief, JUNE REAL ESTATE, LLC ("JRELLC") is an Ohio Limited Liability Corporation not authorized to do business in the State of New York with its principal place of business at 164 West 25th Street New York, New York 10001.

37.     Upon information and belief, JUNE SD, LLC ("JUNESD") is a Foreign Limited Liability Corporation not authorized to do business in the State of New York with its principal place of business at 164 West 25th Street New York, New York 10001.

38.     Upon information and belief, JUNEINVEST, LLC ("JUNEINVEST") is a Foreign Limited Liability Corporation not authorized to do business in the State of New York with its principal place of business at 164 West 25th Street New York, New York 10001.

39.     Upon information and belief, JUNE HOMES HOLDINGS, LLC ("JNYC") is a New York Limited Liability Corporation with its principal place of business at 164 West 25th Street New York, New York 10001.

40.     According to the June Homes website at https://junehomes.com/, June Homes provides apartment rentals on flexible month-to-month terms in major American cities including Boston, Los Angeles, New York City, San Francisco, Washington DC, Philadelphia, Austin, Chicago, Houston and Dallas.

41.     COPALA, INC., JUNE HOMES US, INC, JUNE NY, LLC, JUNE NY 1, LLC, JUNEHOME, LLC, JUNE NYC, LLC, JUNEHOMES, LLC, JUNE REAL ESTATE, LLC, JUNE SD, LLC JUNEINVEST, LLC, and JUNE HOMES HOLDINGS, LLC are hereinafter referred to collectively as the "JUNE HOMES Group Enterprise" or the "Corporate Defendants."

42.     At all relevant times, the Corporate Defendants operated together as a single business enterprise, with the same employment policies, including wage-and-hour policies.

43.     Upon information and belief, Defendant DANIEL MISHIN ("Mishin") is an owner and operator of the Corporate Defendants who sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

44.     Upon information and belief, Defendant VALERI KOPALEISHVILLI ("Kopaleishvilli") is an owner and operator of the Corporate Defendants who sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

45.     Defendants Mishin and Kopaleishvilli are also referred to herein as the "Individual Defendants".

46.     The Corporate Defendants' operations are interrelated and unified and are a single enterprise and/or joint employer of Plaintiffs. The "Terms of Use" section of the June Homes website (https://junehomes.com/terms-of-use) explains that:

> "These Terms of Use also apply to any business you conduct or communications you have with June Homes US, Inc, June NY, LLC, June NY 1, LLC, JuneHome, LLC, June NYC, LLC, JuneHomes, LLC, JuneBoston, LLC, JuneDC, LLC, June LA, LLC, June SF, LLC, June Real Estate, LLC, June SD, LLC, JuneInvest, LLC, June Homes PA LLC or June Texas, LLC or any of their subsidiaries, affiliates, including such other entities that are identified here from time to time".

47.     With the exception of COPALA, each of the Corporate Defendants all share the same Main Office address and contact information.

48.     At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

49.     The Individual Defendants participated in the day-to-day operations of the Corporate Defendants and acted intentionally in their direction and control of Plaintiff and the Corporate Defendants' other similarly situated employees, and are an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

50.     At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).   At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action members within the meaning of the FLSA.

51.     At all relevant times, Plaintiff and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

52.     Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues in excess of $500,000.00.

53.     At all relevant times, the Corporate Defendants have used goods and materials produced in interstate commerce, and have employed two or more individuals who handled these goods and materials.

## FLSA COLLECTIVE ACTION ALLEGATION

54.     Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiff brings his First and Second Causes of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since May 19, 2019 and through the entry of judgment in this case (the "Collective Action Period") including those whose duties included general residential construction work and remodeling, including but not limited to the purchasing and delivery of construction supplies and furniture from various construction supply stores (for example beds, desks, mattresses, and other furniture from Ikea), disposal of trash and rubbish, and assembly of furniture, and other non-exempt employees (the "Collective Action Members").

55. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay minimum wages for all hours worked and overtime premiums for work performed in excess of forty (40) hours each week. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required minimum wages for all hours worked or overtime premium payments for all hours worked in excess of forty (40) hours per week.

56. Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## RULE 23 CLASS ACTION ALLEGATIONS

57. Pursuant to the NYLL, Plaintiff brings his Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class:

> All persons employed by Defendants at any time since May 19, 2016 and through the entry of judgment in this case (the "Collective Action Period") including those whose duties included general residential construction work and remodeling, including but not limited to the purchasing and delivery of construction supplies and furniture from various construction supply stores (for example beds, desks, mattresses, and other furniture from Ikea), disposal of trash and rubbish, and assembly of furniture, and other non-exempt employees (the "Class Members").

58.     <u>The Class Members are readily ascertainable</u>. The number and identity of the Class Members are determinable from the records of Defendants.   For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

59.     <u>The Class Members are so numerous that joinder of all members is impracticable</u>.

Upon information and belief, there are at least forty (40) Class Members.

60.     <u>The questions of law and fact common to the Class predominate over any questions</u>

<u>solely affecting the individual members of the Class</u>.   These common questions include, but are not

limited to:

a.   whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

b.   whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

c.   whether the Corporate Defendants in this Action operate together as a single integrated enterprise;

d.   whether Defendants failed and/or refused to pay Plaintiff and the Class Members wages for all hours worked;

e.   whether Defendants failed and/or refused to pay Plaintiff and the Class Members minimum wages for all hours worked;

f.   whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

g.   whether Defendants failed to pay Plaintiff and the Class Members an extra hour of minimum wage when working shifts in excess of ten (10) hours or split shifts;

h.   whether Defendants failed to provide Plaintiff and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

i.   whether Defendants failed to provide proper wage notices to Plaintiff and Class Members at the beginning of their employment and/or on February 1 of each year as required by the NYLL;

j.   whether defendants unlawfully misclassified Plaintiff and the Class Members as Independent Contractors;

k.   whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

l.   whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

61.    <u>Plaintiff's claims are typical of the Class Members' claims</u>. Plaintiff, like all Class

Members, was an employee of Defendants who worked for Defendants pursuant to their corporate

policies. Plaintiff, like all Class Members, were, *inter alia*, paid less than the statutory minimum

wage for all hours worked, not paid overtime premium pay for hours worked over forty (40) hours

in a given workweek, were not paid spread-of-hours premiums when working a shift of ten (10) or

more hours and/or a split shift, and did not receive proper wage statements and wage notices. If

Defendants are liable to Plaintiff for the claims enumerated in this Complaint, they are also liable

to all Class Members.

62.    <u>Plaintiff and their Counsel will fairly and adequately represent the Class</u>. There are no

conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a desire to

help all Class Members, not merely out of a desire to recover their own damages.

63.    Plaintiff's counsel are experienced class action litigators who are well-prepared to

represent the interests of the Class Members.

64.    <u>A class action is superior to other available methods for the fair and efficient

adjudication of this litigation</u>.

65.    Defendants are sophisticated parties with substantial resources. The individual

plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against

corporate defendants.

66.     The individual members of the Class have no interest or capacity to bring separate actions and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

67.     At all relevant times, Defendants have been in the business of operating the business known as "June Homes" which is a managed marketplace for apartment rentals (and which also provides property management services for landlords) described herein.

68.     Upon information and belief, throughout the relevant time periods, the Individual Defendants have owned, operated, and managed the business of June Homes described herein.

69.     Defendants' businesses are operated and marketed by Defendants as a common enterprise. Each of the above businesses are advertised jointly on Defendants' website (https://junehomes.com/).

70.     Employees were freely interchangeable, the various business operations were marketed as June Home businesses, and all employees were paid by the same or substantially similar payroll methods.

71.     Upon information and belief, Defendants operate all of their businesses through common management, ownership and financial control.

72.     The Individual Defendants are a frequent presence at Defendants' Main Office and take an active role in ensuring that said businesses are run in accordance with Defendants' procedures and policies.

### Plaintiff's Work for Defendants

73.     Plaintiff Shalva Nebieridze. Plaintiff is a former employee who worked at Defendants' herein described enterprise (including COPALA INC. and June Homes). Defendants' enterprise includes a network of various corporate entities which collectively own and operate a business known as "June Homes" which is a managed marketplace for apartment rentals and which also provides

property management services for landlords on flexible month-to-month terms in major American cities including Boston, Los Angeles, New York City, San Francisco, Washington DC, Philadelphia, Austin, Chicago, Houston and Dallas. Plaintiff's duties included general residential construction work and remodeling, including but not limited to the purchasing and delivery of construction supplies and furniture from various construction supply stores (for example beds, desks, mattresses, and other furniture from Ikea), disposal of trash and rubbish, and assembly of furniture.

74.     During his employment with Defendants, Plaintiff primarily worked in and around New York, Washington D.C., Philadelphia and Boston areas.

75.     Plaintiff worked for defendants from approximately February 8, 2021 through approximately September 20, 2021.

76.     From approximately February 8, 2021 through approximately September 20, 2021, when Plaintiff worked at defendants' enterprise, he typically worked seven (7) days per week, between eleven (11) and nineteen (19) hours per day.

77.     For his work at the June Homes enterprise, and despite the fact that he typically worked in excess of forty (40) hours each week, Plaintiff was paid a salary in varying amounts either once or twice a month and which at all times fell below the minimum wage. During the time that he worked at the June Homes enterprise, Plaintiff received his wages by online banking transfer with no breakdown of the hours that he worked or his regular or overtime rates.

78.     Plaintiff alleges that he was frequently unable to take a break of any kind when he worked at defendants' enterprise.

79.     Defendants are well aware of their legal obligations under the FLSA and NYLL and knowingly and intentionally violated the law by failing to pay Plaintiff and the Collective and Class Action Members minimum wages for all hours worked, overtime premiums and spread-of-hours premiums and failing to provide proper wage notices and wages statements as required by the NYLL.

**Defendants' Unlawful Corporate Policies**

80.     Plaintiff and the Collective and Class Action Members were paid by the same corporate policies of Defendants, including failing to pay minimum wages for all hours worked, overtime premiums and spread-of-hours premiums and failing to provide proper wage statements and wage notices.

81.     Defendants did not provide Plaintiff or the Collective and Class Action Members with proper wage notices at the time of hire or by February 1 of each year.

82.     Defendants failed to provide accurate wage statements to Plaintiff and the Collective and Class Action Members which reflected, among other information, all hours worked, including overtime hours, the regular and overtime pay rate(s) during the pay period.

83.     Despite the fact that Plaintiff typically worked over forty (40) hours each week, Defendants did not pay them overtime premiums of one and one-half (1.5) their hourly rate.

84.     Despite the fact that Plaintiff regularly worked in excess of ten (10) hours per day, Defendants failed to pay Plaintiffs and the Collective and Class Action Members an extra hour of minimum wage for such days.

85.     Upon information and belief, throughout the Class Period and continuing until today, Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

### FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE
### (Brought on Behalf of Plaintiff and the Collective Action Members)

86.     Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

87.     By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

88.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

89.     Defendants' failure to pay minimum wages for all hours worked caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon.

90.     Therefore, Plaintiff and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
### (Brought on Behalf of Plaintiff and the Collective Action Members)

91.     Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

92.     By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

93.     Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID MINIMUM WAGE**
**(Brought on Behalf of Plaintiff and the Class Members)**

94.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

95.     Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

96.     Defendants' failure to pay minimum wage for all hours worked caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiff and the Class Members)**

97.    Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

98.    Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) each week, in violation of the NYLL and regulations promulgated thereunder.

99.    Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FIFTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS**
**(Brought on Behalf of Plaintiff and the Class Members)**

100.    Plaintiffs, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

101.    Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than ten (10) hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

102. Defendants' failure to pay spread-of-hours compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action

**SIXTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE**
**(Brought on Behalf of Plaintiffs and the Class Members)**

103. Plaintiff, on behalf of himself and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

104. Defendants have willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195, in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiff's and the Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

105. Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq*., liquidated damages as provided for

by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post- judgment interest, and injunctive and declaratory relief.

## SEVENTH CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS
### (Brought on Behalf of Plaintiff and the Class Members)

106.    Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

107.    Defendants have willfully failed to supply Plaintiff and the Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

108.    Due to Defendants' violations of the NYLL, Plaintiff and Class Members are entitled to recover from Defendants two hundred and fifty dollars ($250) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post- judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action

Members and Class Members, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h. An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten (10) hours;

i. An award of fifty dollars ($50) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(1) pertaining to distribution of wage notice, occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-b);

j. An award of two hundred fifty dollars ($250) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(3), pertaining to distribution of wage statements, occurred or continue to occur, or a

total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-d);

k.      An award of prejudgment and post-judgment interest;

l.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a

trial by jury on all questions of fact raised by the complaint.

Dated:      Brooklyn, New York
            May 31, 2022

Respectfully submitted,

**LAW OFFICES OF ILYA FISHKIN, P.C.**

/s/  Marcus Aurelius Nussbaum
By:  Marcus A. Nussbaum, Esq. (MN 9581)
Ilya Fishkin, Esq. (IF 4948)
169 Commack Road, Ste. H371
Commack, New York 11725
Tel: 201-956-7071
Fax: 347-572-0439
marcus.nussbaum@gmail.com
*Attorneys for Plaintiffs and the*
*putative FLSA Collective and Class*